# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAKIA ADAMS, | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. 18-CV-4408 |
| | : |
| ERIC A. BODEN, | :   FILED NOV -9 2018 |
|     Defendant. | :   KATE BARKMAN, Clerk |
| |   By_____Dep. Clerk |

## MEMORANDUM

**TUCKER, J.**                                                                                  **NOVEMBER 8, 2018**

    *Pro se* Plaintiff Nakia Adams, who is currently detained in the Federal Detention Center awaiting sentencing, filed this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against Eric A. Boden, the Assistant United States Attorney who is leading the prosecution of Adams on federal charges in this Court. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Adams leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTS[1]

    On December 8, 2015, a federal grand jury returned an Indictment against Adams, charging him one count of conspiracy in violation of 18 U.S.C. § 371, seven (7) counts of making false statements to federal firearms licensees in violation of 18 U.S.C. § 924(a)(1)(A), and four (4) counts of being a felon in possession of a firearm in violation of 18 U.S.C.

---

[1] The Court takes the following facts from Adams' Complaint as well as the public docket for his federal criminal proceeding. The Court uses the pagination assigned to the Complaint and other documents by the CM/ECF docketing system.

§ 922(g)(1). Indictment, *United States v. Adams*, Crim. No. 15-580 (E.D. Pa.) (ECF No. 1.) A bench warrant was issued for his arrest on these charges.

Adams was arrested shortly thereafter. On December 14, 2015 Boden filed a Motion for Pretrial Detention, seeking Adams's detention throughout criminal proceedings. In his Motion, Boden stated, *inter alia*, that

> [Adams], who is 41, has seven prior New Jersey State felony convictions. . . .
>
> Among his numerous felony convictions, Adams was convicted of obstruction/witness tampering, a particularly concerning prior conviction given that there are several straw purchasers involved in the instant conduct whom Adams might be inclined to contact if released on bail. Indeed, during his custodial, Mirandized interview following his December 11, 2015 arrest, Adams acknowledged that he knew Gonzalez and other persons involved in these several straw purchases.
>
> Not only Adams' prior criminal convictions, but his conduct during the several straw purchases raises grave concerns about the prospect of his bail. He preyed on individuals suffering from debilitating drug addictions. As the straw purchasers' dealer, he dangled before them the promise of copious amounts of heroin, but only gave them just enough to keep them from becoming "dope sick." More than just exploitative and cruel, Adams' treatment of these desperate and destitute straw purchasers demonstrates his danger to the community. His appetite for accumulating firearms knows no reasonable bounds. Days after a botched June 4, 2015 straw purchase by Randy Johnson which resulted in the seizure of three firearms by ATF, Adams on two occasions went to Johnson's home and had Johnson call the ATF agent who seized the firearms and ask for the firearms' return. Not even the knowledge of a federal investigation could quell Adams' need to get his hands on the guns.
>
> Adams' criminality of recent vintage is evidently not limited to firearms trafficking. The government has learned that Adams was recently charged by the Hudson County, New Jersey Prosecutor's Office with Conspiracy to Commit Robbery under New Jersey law, in connection with his participation in a December 3, 2014 bank robbery. An arrest warrant was issued by local authorities in Hudson County on November 19, 2015. . . . It also bears mention that the bank robbery and straw purchases charged in the instant indictment occurred while Adams was on probation following his imprisonment for his October 2013 conviction for felony credit card fraud. **Adams has the unmistakable look of a dangerous and incorrigible criminal.** He needs to be incarcerated.

Mot. for Pretrial Release at 5-6, *United States v. Adams*, Crim. No. 15-580 (E.D. Pa.) (ECF No. 5.) (emphasis added). The Motion was granted, and Adams has been in custody ever since.[2]

Adams now argues that Boden violated his constitutional and civil rights by including the language in bold in his Motion for Pretrial Detention. Compl. at 7, *Adams v. Boden*, Civ. A. No. 18-4408 (E.D. Pa.) (ECF No. 2.) According to Adams, Boden "voic[ed] his racist views and biased beliefs to influence the [C]ourt to remand the plaintiff and keep him imprisoned." (*Id.*)

Adams states,

> It is obvious what Mr. Boden implies when he describes Mr. Adams['] "look." One can only infer one thing and that description of the 'look' is Mr. Boden's way of saying that Adams is dangerous and incorrigible because he is black. What else can be inferred? It cannot be his attire, he is wearing standard prison issue jumpsuit and shoes. Sadly, Mr. Boden can only be referring to Nakia Adams' race and color, for the record Nakia Adams is a black man.

(*Id.* at 10.) Adams asserts that he is raising claims for malicious prosecution against Boden pursuant to *Bivens* and the FTCA.[3] (*Id.* at 10-11.) As relief, he seeks $5 million. (*Id.* at 11.)

---

[2] On February 2, 2016, a federal grand jury returned a 30-count Superseding Indictment against Adams. Superseding Indictment, *United States v. Adams*, Crim. No. 15-580 (E.D. Pa.) (ECF No. 15). In October of 2017, Adams was convicted of twenty (20) counts following a jury trial. Jury Verdict Form and Supplemental Jury Verdict Form, *United States v. Adams*, Crim. No. 15-580 (E.D. Pa.) (ECF Nos. 163, 164). Adams is awaiting sentencing before the Honorable Jeffrey L. Schmehl.

[3] Adams also vaguely suggests that Boden's actions violated his rights under Title VI of the Civil Rights Act of 1964. (Compl. at 1, 10.) Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Adams argues that Title VI applies because the term "federal agency" includes the judicial branch. (Compl. at 1.) Title VI, however, does not apply to the federal government. *See Halim v. Donovan*, 951 F. Supp. 2d 201, 207 (D.D.C. 2013). In any event, Adams has sued Boden, not the Court, and Title VI cannot be used to impose liability on individual defendants. *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 521 (3d Cir. 2011).

## II. STANDARD OF REVIEW

The Court will grant Adams leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[4] Accordingly, Adams' Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), which require the Court to dismiss the Complaint if it, *inter alia*, is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Adams is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. *Bivens* Claims

Adams first contends that Boden's actions violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. (Compl. at 10.) "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the

---

[4] However, because Adams is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Adams' claims against Boden are based upon his conduct during the course of criminal proceedings, particularly with respect to arguing for Adams' pretrial detention. Prosecutors, however, are entitled to absolute immunity from liability for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Humphries v. Houghton*, 442 F. App'x 626, 628–29 (3d Cir. 2011) (per curiam) ("Defendant Houghton, a federal prosecutor, is entitled to absolute immunity for actions performed within her authority."). That immunity includes prosecutors' presentation of arguments seeking pretrial detention of defendants. *See Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (collecting cases); *Afrasiabi v. Commonwealth of Mass.*, 272 F. Supp. 3d 256, 261-62 (D. Mass. 2017). Accordingly, there is no legal basis for Adams' constitutional claims against Boden, so the Court must dismiss those claims with prejudice.

## B. FTCA Claims

Adams also asserts that Boden's actions, which he argues amounted to malicious prosecution, violated the FTCA.[5] The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, plaintiffs raising claims under the FTCA "must meet the criteria of § 1346(b)(1) before a district court may exercise jurisdiction." *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008).

---

[5] The United States, however, is the only proper defendant in a FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

5

The broad waiver noted above "is limited by a number of exceptions, which [the United States Court of Appeals for the Third Circuit has] construed as akin to affirmative defenses." *Pellegrino v. United States Transp. Sec. Admin., Div. of Dep't of Homeland Sec.*, No. 15-3047, 2018 WL 3371699, at *4 (3d Cir. July 11, 2018). One of these, the "discretionary function" exception, protects the government from liability for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Certainly, a prosecutor's decision as to whether to move for a defendant's pretrial detention is an action that requires the prosecutor to exercise professional judgment and is therefore discretionary. *Cf. Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) (noting that decisions such as "[d]eciding whether to prosecute, assessing a witness's credibility to ensure that he is giving an accurate and complete account of what he knows, identifying the evidence to submit to the grand jury and determining whether information is 'exculpatory' and 'material' and therefore must be disclosed pursuant to a *Brady* request" are discretionary decisions).

Moreover, "the 'intentional tort exception' preserves the Government's immunity for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Id.* (quoting 28 U.S.C. § 2680(h) (footnote omitted)). That exception, however, itself contains an exception that waives immunity for certain intentional torts—namely "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution"— committed by "investigative or law enforcement officers." 28 U.S.C. § 2680(h). For purposes of that subsection, "investigative or law enforcement officers" refers to "any officer of the United

6

States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* As a prosecutor, Boden does not qualify as an "investigative or law enforcement officer[]" within the meaning of § 2680(h). *Trupei v. United States*, 304 F. App'x 776, 784 (11th Cir. 2008) (per curiam); *Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994). For these reasons, the Court cannot exercise jurisdiction over Adams' FTCA claim against Boden.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Adams leave to proceed *in forma pauperis* and dismiss his Complaint. Adams' *Bivens* and Title VI claims against Boden will be dismissed with prejudice. His FTCA claim against Boden will be dismissed for lack of jurisdiction. Adams will not be permitted to file an amended complaint, as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**

7